FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-CV-3091-MKD |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |
| vs. | |
| REAL PROPERTY KNOWN AS 107 NORTH RUBY STREET, ELLENSBURG, WASHINGTON, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS THERETO AND THEREUPON, | ECF No. 15 |
| Defendant. | |

Before the Court is the United States' Motion for Default Judgment and Final Order of Forfeiture. ECF No. 15. The Court has considered the briefing and the record and is fully informed. For the reasons discussed below, the Court grants the motion and enters the following Final Order of Forfeiture.

## BACKGROUND

On June 25, 2024, the United States filed a Verified Complaint for Forfeiture

ORDER - 1

*in Rem* against Defendant (the "Defendant Property"), for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. ECF No. 1 at 2. On September 27, 2024, an Amended Clerk's Order of Default was entered against potential claimants June B. Green, the June B. Green Trust, Lisa Schelper, and Steven Schelper. ECF No. 14.

## DISCUSSION

The United States moves for default judgment against the interests of June B. Green, the June B. Green Trust, Lisa Schelper, and Steven Schelper in the Defendant Property and for entry of a final order of forfeiture that vests all right, title, and interest in the Defendant Property in the United States. ECF No. 15 at 1-2.

**A. Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the power ... to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

The federal district courts have original jurisdiction over "all civil actions, suits or proceedings commenced by the United States," 28 U.S.C. § 1345, and "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress[.]" 28 U.S.C.

ORDER - 2

§ 1355(a). "[I]n a civil forfeiture proceeding *in rem*, jurisdiction is dependent upon seizure of … the property in dispute." *United States v. Obaid*, 971 F.3d 1095, 1099 (9th Cir. 2020) (citation, quotation marks, and alterations omitted). "A forfeiture action or proceeding may be brought in … the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred . . . ." 28 U.S.C. § 1355(b)(1)(A).

Because the United States commenced this civil forfeiture proceeding under 21 U.S.C. § 881(a)(7), the matter is within the Court's subject matter jurisdiction. The United States alleges the Defendant Property, located in the Eastern District of Washington, was used to commit and/or facilitate the commission of violations of the Controlled Substances Act. ECF No. 1 at 3. Therefore, the Court has *in rem* jurisdiction over the Defendant Property, and venue is proper in the Eastern District of Washington. *See Obaid*, 971 F.3d at 1099; 28 U.S.C. § 1355(b)(1)(A).

**B. Procedural Requirements**

A motion for default judgment is subject to the provisions of Fed. R. Civ. P. 55 and LCivR 55. The United States moved for and obtained entry of default against all potential claimants in accordance with LCivR 55(a) and has moved for default judgment in accordance with LCivR 55(b). ECF Nos. 14, 15, 15-1.

Forfeiture actions *in rem* are also subject to the procedural requirements of Fed. R. Civ. P. G. The Verified Complaint for Forfeiture *in Rem*, ECF No. 1,

ORDER - 3

complies with the requirements of Rule G(2).  The United States published notice of the forfeiture action on an official internet government forfeiture site for 30 consecutive days, beginning on July 10, 2024, and ending on August 8, 2024, in compliance with Rule G(4)(a).  ECF No. 7.  The United States also sent direct notice to Lisa Schelper and Steven Schelper on July 10, 2024, in compliance with Rule G(4)(b). ECF No. 3.

### C. Substantive Requirements: *Eitel* Factors

Upon default, the Court assumes that the well-pleaded allegations in the complaint are true, except those relating to the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  The Court considers seven factors in exercising its discretion to enter a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1. Possibility of Prejudice

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no

ORDER - 4

recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted).  Because all potential claimants are in default, the United States has no recourse other than default judgment for disposition of the Defendant Property.  The first *Eitel* factor weighs in favor of default judgment.

### 2. Merit of Claims and Sufficiency of the Complaint

Under the second and third *Eitel* factors, the Court finds that the United States' substantive claims have merit and are sufficiently pleaded.  *See Eitel*, 782 F.2d at 1471-72.  The United States seeks forfeiture of the Defendant Property under 21 U.S.C. § 881(a)(7).  ECF No. 1 at 3.  The Verified Complaint for Forfeiture *in Rem* contains detailed factual allegations about drug-related activity occurring at the Defendant Property.  *Id*. at 3-31.

### 3. The Sum of Money at Stake

Next, the Court must consider the sum of money at stake in the action when determining whether default judgment is appropriate.  *See Eitel*, 782 F.2d at 1471-72.  "Default judgment is disfavored if the sum of money at stake is completely disproportionate or inappropriate" in relation to the seriousness of a defendant's conduct.  *Hygenix, LLC v. Xie*, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (citation and quotation marks omitted).  There is no indication here that the value of

ORDER - 5

the Defendant Property is disproportionate or inappropriate, and as noted above, the United States has established a *prima facie* civil forfeiture claim.

### 4. Possibility of a Dispute Concerning Material Facts

Where no dispute has been raised, the likelihood that any such dispute exists is remote. *See Brow Room v. Med. Laser Experts, LLC*, 2021 WL 5830023, at *2 (E.D. Wash. Dec. 8, 2021). There is no information before the Court that supports the possibility of a dispute concerning any material facts.

### 5. Excusable Neglect

The potential claimants' default does not appear to be the result of excusable neglect. The United States also gave proper notice by direct means and publication, as required by Rule G. ECF Nos. 3, 7; *see BMO Bank N.A. v. Raiden, LLC*, No. 23-cv-1465, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) ("Generally, courts do not find excusable neglect when defendants were properly served with the complaint.") (citation omitted).

### 6. Policy Consideration

Last, the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). While this factor inherently weighs against default judgment, "the mere existence of" Fed. R. Civ. P. 55(b) "indicates that this *Eitel* factor is not alone dispositive." *Curtis*, 33 F. Supp. 3d at

ORDER - 6

1213 (quoting *Microsoft Corp. v. Lopez*, 2009 WL 959219, at 3 (W.D. Wash. Apr. 7, 2009)) (quotation marks and alteration omitted). "[W]here a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Here, no potential claimant with a continuing right to challenge these proceedings has appeared, making a decision on the merits impossible.

In sum, the *Eitel* factors weigh in favor of granting default judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States' Motion for Default Judgment and Final Order of Forfeiture, **ECF No. 15,** is **GRANTED**.

    a. Default Judgment is entered against the interests of June B. Green, the June B. Green Trust, Lisa Schelper and Steven Schelper.

    b. The Defendant Property is hereby forfeited to the United States, and no right, title, or interest shall exist in any other person or entity.

    c. The United States Marshals Service shall dispose of the forfeited property described herein in accordance with law.

    d. The Court shall retain jurisdiction in the case for purpose of enforcing or amending this order.

ORDER - 7

**IT IS SO ORDERED.** The District Court Executive is directed to file this order, **enter judgment accordingly**, and **CLOSE the file**.

DATED October 10, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE